10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Pennsylvania__

---

***RELATED CASE IF ANY:*** Case Number: __2:24-cv-06849__ Judge: __Paul S. Diamond__

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☒
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☒ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* ***Diversity Jurisdiction Cases:***

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☒ 8. All Other Diversity Cases: *(Please specify)* Fraudulent/ Negligent Misrepresentation

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**Attachment to Designation Form**

SAMUEL M. ROTTER v. VISION & BEYOND GROUP LLC, STAS GRINBERG, PETER GIZUNTERMAN, DONALD FEATHERS, DAVID MIZRACHI and CHERYL WALTERS

This case ("Instant Case") is related to a pending case docketed to 2:24-cv-06849-PD ("Related Case").  In the Related Case, Samuel M. Rotter ("Rotter") seeks to confirm an arbitration award against Vision & Beyond Group LLC ("V&B") ordering Vision & Beyond Group LLC ("V&B") to pay Rotter $560,547.84 plus ongoing legal fees and interest as a result of V&B's violation of the Pennsylvania Wage Payment and Collection Law ("WPCL").  V&B has not paid the arbitration award.  Therefore, in the Instant case, Rotter seeks, *inter alia*, to hold individual employees and agents of V&B liable for V&B's violation of the WPCL in failing to pay Rotter compensation that was due and owing to him.

Rotter initiated arbitration proceedings with the American Arbitration Association ("AAA") on April 11, 2022 ("Arbitration").  All of the Defendants in the Instant Case – Stas Grinberg, Peter Gizunterman, Donald Feathers, David Mizrachi, and Cheryl Walters – were originally named in the Arbitration.  However, because the individual Defendants were not parties to the arbitration agreement, Rotter consented to dismiss arbitration proceedings against them, without prejudice, pursuant to a written agreement that includes a tolling provision covering the claims asserted in the Instant Case that does not begin to run until an award in Arbitration is collected by Rotter.

On March 20, 2024, the arbitrator issued her award in the Arbitration, finding, *inter alia*, that V&B violated the WPCL by failing to pay Rotter compensation that was due and owing to him, and awarding Rotter a total of $560,547.84 plus ongoing interest and attorneys' fees.  Rotter made demand upon V&B to pay the award, but to date, V&B has refused and failed to do so.  On December 24, 2025, Rotter initiated the Related Case, filing a petition to confirm the Arbitration award.

Rotter will continue to pursue collection of the Arbitration award, but files the Instant Case in the meantime to pursue wage payment from V&B officers and agents, and further damages for harm arising out of certain Defendants' fraudulent or negligent misrepresentations/omissions inducing Rotter to leave his secure, well-paying position with MMS Group.