**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

SAMUEL M. ROTTER,

        Plaintiff,

vs.                                 Civil Action No. 1:25-cv-00548

VISION & BEYOND GROUP LLC,
STANISLAV GRINBERG, PETER
GIZUNTERMAN, DONALD FEATHERS,
DAVID MIZRACHI and CHERYL
WALTERS,

        Defendants.

---

### DEFENDANT DAVID MIZRACHI'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND ANY RESULTING DEFAULT JUDGMENT AND MEMORANDUM IN SUPPORT

Defendant David Mizrachi ("Mr. Mizrachi" or "Defendant"), by and through his undersigned counsel, respectfully moves, pursuant to Federal Rule of Civil Procedure 55(c), to set aside the Clerk's Entry of Default entered on October 7, 2025, and, to the extent any default judgment has been or may be entered, for relief under Federal Rule of Civil Procedure 60(b). Good cause exists to set aside the default, because neither Mr. Mizrachi nor his counsel received notice that the case had been reopened or was proceeding in the Southern District of Ohio following transfer from the Eastern District of Pennsylvania, and because Plaintiff failed to comply with the requirements of Rule 55(a) for entry of a clerk's default insofar as no electronic or physical service was made on Mr. Mizrachi's counsel. As set forth below, the lack of notice and resultant failure to respond constitute mistake, surprise, or excusable neglect under Rule 60(b)(1), and, independently, demonstrate good cause under Rule 55(c).

2

**MEMORANDUM IN SUPPORT**

### I. PROCEDURAL BACKGROUND

1. This action was initiated in the United States District Court for the Eastern District of Pennsylvania (the "EDPA") on February 18, 2025. *See* ECF Dkt. 1, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "1"**.

2. Mr. Mizrachi was not served with the complaint until more than five (5) months later, on July 31, 2025. *See* ECF Dkt. 19.

3. On August 4, 2025, the EDPA ordered the case transferred to the United States District Court for the Southern District of Ohio. *See* ECF Dkt. 20.

4. Counsel for Mr. Mizrachi entered an appearance in the EDPA action on August 6, 2025, after the transfer order and one week after service of process was effectuated. *See* ECF Dkt. 21.

5. Because the appearance was filed after the transfer, counsel did not receive notice that the matter had been officially transferred and/or opened and was proceeding in this Court.[1]

6. Neither Mr. Mizrachi nor his counsel received ECF notification or any communication from Plaintiff's counsel concerning case activity in this Court prior to the filing of Plaintiff's application for entry of default on October 2, 2025.

7. Moreover, Plaintiff's certificate of service accompanying the Request for Entry of Default is defective, insofar as it provides that "service will be made electronically" and "true and

---

[1] In prior matters where an action had been transferred from one Federal Court jurisdiction to another Federal Court jurisdiction, counsel received formal notice that the case and docket in the new jurisdiction had been created and formally opened. For reference and by way of example, a redacted version of one such notice is attached hereto and incorporated herein as **Exhibit "2"**.

3

correct copies of the foregoing were mailed via first-class mail, postage prepaid". *See* ECF Dkt. 22.

8. As of the date of this filing, Mr. Mizrachi's counsel neither received notice and/or service of the Request for Clerk to Enter Default electronically or by physical mail.

9. Notably, Mr. Mizrachi's counsel was not entered in the Ohio action on the date the Request for Entry of Default was filed and, therefore, could not have been served electronically.

10. On October 7, 2025, the Clerk entered a default as to Mr. Mizrachi. *See* ECF Dkt. 24.

11. On October 13, 2025, Mr. Mizrachi returned from traveling out of the country and retrieved mail indicating that, on October 2, 2025, Plaintiff filed an Application to Clerk for entry of default against him.

12. Mr. Mizrachi promptly provided a copy of these papers to his counsel, Eric B. Freedman, Esq., who had entered an appearance in the EDPA.

13. On October 14, 2025, Mr. Mizrachi's counsel, Mr. Freedman, contacted Plaintiff's counsel explaining the above-described circumstances, and requested withdrawal of the Default.

14. Plaintiff's counsel responded requesting a telephone conference on October 15, 2025 at 4:00 p.m. EST.

15. Mr. Mizrachi's counsel agreed to forego motions practice temporarily pending a meet-and-confer with Plaintiff's counsel, in an effort to resolve this administrative issue without court intervention..

16. On October 15, 2025, counsel for the parties discussed the circumstances, following which, Plaintiff's counsel, Ms. Metcalfe, asserted that she could not agree to withdraw the Default because it would "prejudice her client".

17. Ms. Metcalfe did not detail further the manner in which her client would be prejudiced, but it can only be assumed that the default is now being used as a strategic advantage by placing her client in a better legal position now than they would be if Plaintiff had to litigate the strained claims against Mr. Mizrachi on the merits.

18. Respectfully, any such purported prejudice pales in comparison to the inequality of punishing Mr. Mizrachi with a default under the circumstances, particularly when factoring in that original service of process was not made until more than five months after the complaint was filed; substantive pleadings of the defendants have yet to be filed pending adjudication of motions to dismiss; and no affirmative or responsive discovery has been exchanged.

19. The life of this action is in its infancy, and Plaintiff's five-month delay in serving Mr. Mizrachi should not be discounted.

20. Under the circumstances, Mr. Mizrachi respectfully seeks equitable relief in the form of setting aside the default prior to any further pursuit by the Plaintiff of applying to the Court to convert the same to a default judgment.

## II. Legal Standard

21. Rule 55(c) authorizes the Court to set aside an entry of default for good cause.

22. The good-cause analysis is equitable and typically considers whether the defendant's default was willful, whether the plaintiff would be prejudiced by setting aside the default, and whether the defendant has a meritorious defense.

23. Courts in this Circuit favor resolving cases on the merits and construe Rule 55(c) liberally in favor of setting aside defaults where reasonable explanations exist. If and to the extent a default judgment has been entered, Rule 60(b) permits relief from a final judgment on several grounds, including mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation,

5

or misconduct by an opposing party; that the judgment is void; that applying the judgment prospectively is no longer equitable; or any other reason that justifies relief.

24. A Rule 60(b) motion must be made within a reasonable time, and no more than one year after entry of judgment.

### III. ARGUMENT

25. The filing of this motion within days of the Clerk's entry of default, and promptly upon learning of the default and attempting to confer with counsel in good faith, satisfies the timeliness requirement.

26. Good cause also exists to warrant setting aside the entry of default under Rule 55(c).

27. The lack of notice constitutes excusable neglect or an honest mistake.

28. As the Sixth Circuit has observed, "a strong preference for resolving cases on the merits" means that "any doubt should be resolved in favor of the petition to set aside the default so that cases may be decided on their merits." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (internal quotation marks omitted).

29. Ohio federal courts routinely vacate defaults under such circumstances. *See, e.g., McDaniel v. Toledo Inns, Inc.*, No. 1:17-CV-00706, 2017 U.S. Dist. LEXIS 130904, at *4 (N.D. Ohio Aug. 16, 2017) (default set aside for honest mistake/excusable neglect and prompt action); *Cequent Performance Prods. v. Pacific Rim Internatl., LLC*, No. 1:13-CV-00209, 2013 U.S. Dist. LEXIS 50327, at *3 (N.D. Ohio Apr. 8, 2013) (entry of default set aside for prompt, good faith action and absence of prejudice); *Convenience Franchise Group, LLC v. Obed*, No. 3:12-cv-202, 2013 U.S. Dist. LEXIS 25577, at *7-8 (S.D. Ohio Feb. 25, 2013) (relief granted where delay was consistent with obtaining counsel and not culpable conduct).

30. A transfer from another jurisdiction can create a plausible lack-of-notice situation, and the Sixth Circuit's strong policy favoring decisions on the merits established in *United Coin Meter Co* supports vacatur when a lawyer lacked notice post-transfer. *See Id.*

31. In summary, Ohio federal courts routinely vacate defaults where the movant acts promptly after learning of the default, can articulate a colorable defense, and shows the default was not the result of willful or culpable conduct, and emphasize the "good cause" factors and the strong preference for resolving cases on the merits.

32. Here, where counsel entered an appearance within a week of Mr. Mizrachi being served, post-transfer, and did not receive electronic notice of the opened action or any subsequent filings, combined with this prompt motion to set aside default upon discovery, such conduct aligns squarely with the "honest mistake/excusable neglect" framework recognized by these authorities.

33. The record shows that the case was transferred on August 4, 2025, and that counsel's appearance in the EDPA was filed on August 6, 2025-after the transfer.

34. Because counsel's appearance post-dated the transfer, counsel's information was not captured for ECF notification purposes in this District when the case was opened.

35. Neither Mr. Mizrachi nor his counsel received any ECF notices from this Court nor any direct communications from Plaintiff's counsel regarding proceedings in this Court.

36. The failure to respond, therefore, was not willful; it was the product of a breakdown in notice and docketing attributable to the timing of the transfer and counsel's appearance.

37. Courts routinely find such circumstances constitute good cause and excusable neglect.

38. Moreover, setting aside the default will not prejudice Plaintiff.

39. Mere delay is not prejudice.

40. There has been no loss of evidence, no faded witness memory attributable to this short period, and no tactical disadvantage to Plaintiff beyond the need to litigate the case on the merits which has already otherwise been delayed due to the lapse in service of original process, the lack of any affirmative or responsive discovery, and the fact that the matter is still in its infancy at the pre-pleading stage.

41. The case was filed on February 18, 2025, yet service on Mr. Mizrachi was not made until more than five months later.

42. Counsel promptly entered his appearance in the EDPA action on August 6, 2025, one week after service was effectuated.

43. Furthermore, the matter has largely sat dormant, with no filings occurring between August 4, 2025, and the present that would have required notice.

44. By contrast, leaving the default in place would impose a severe and unwarranted sanction on Mr. Mizrachi for a non-willful failure to respond caused by lack of notice.

45. Mr. Mizrachi also has meritorious defenses he intends to assert upon vacatur of the default, including, but not limited to challenges to liability and damages as pleaded, and defenses unique to the contracts and transactions at issue, and Mr. Mizrachi will promptly file a responsive pleading asserting his defenses if the default is vacated.

46. A defense is "meritorious" for Rule 55(c) purposes when it is good at law and presents more than a conclusory denial.

47. The meritorious defense standard is satisfied if the assertion "contains . . . a hint of a suggestion which, proven at trial, would constitute a complete defense." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 399 (6th Cir. 1987) (citations and quotations omitted).

8

48. Mr. Mizrachi has much more than a mere hint of meritorious defenses to Plaintiff's Complaint, because Plaintiff fails to state a claim upon which relief can be granted as to Mr. Mizrachi and, therefore, the Complaint should be dismissed as to Mr. Mizrachi.

49. The Complaint should be dismissed for three principal reasons: First, Plaintiff has failed to state a claim under Pennsylvania's Wage Payment and Collection Law, 43 P.S § 260.1, et seq. ("WPCL"), and Count I should be dismissed accordingly; second, Plaintiff has failed to state a claim for fraud or negligent misrepresentation, and Count II should, therefore, be dismissed; and third, Count II should be dismissed for the additional reason that Plaintiff's claims for fraud and negligent misrepresentation are barred by the applicable statutes of limitations.

50. Mr. Mizrachi has a meritorious defense as to Count I of the Complaint because it fails to state a claim against Mr. Mizrachi under the WPCL (or in Ohio, the FLSA).

51. Plaintiff's allegations against Mr. Mizrachi under the WPCL/FLSA are conclusory and fail to meet the plausibility standard of *Twombly* and *Iqbal*.

52. While Plaintiff asserts Mr. Mizrachi was a "member of the board of V&B," mere corporate title is insufficient to establish individual liability under the WPCL; Plaintiff must plead facts showing Mr. Mizrachi had operational control over wage payment decisions. *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991); *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 845 (6th Cir. 2012)

53. Thus, Mr. Mizrachi has a meritorious defense because Plaintiff has not alleged specific facts demonstrating Mr. Mizrachi's direct involvement in, or supervisory authority over, the decision not to pay Plaintiff's compensation. *Id.*

54. Mr. Mizrachi also possesses a meritorious defense to Plaintiff's claims for fraud and negligent misrepresentation.

55. Plaintiff's allegations for fraud and negligent misrepresentation against Mr. Mizrachi are inadequate under Rule 9(b), which provides that fraud claims must be plead with specificity and particularity, requiring the "who, what, when, where" as to each defendant. *See Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003); *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (requiring a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent).

56. Mr. Mizrachi has a meritorious defense because Plaintiff does not allege that Mr. Mizrachi made any misrepresentation or caused any material false omission to Plaintiff. Compl. ¶ 41, 61, 111.

57. The Complaint merely states Mr. Mizrachi was present at a June 21, 2021 meeting in Ohio where others made statements but does not allege Mr. Mizrachi spoke. *See Republic Bank & Tr. Co.,* 683 F.3d at 247.

58. Moreover, Plaintiff fails to plead facts establishing a duty for Mr. Mizrachi to speak or disclose information. *Id.*

59. Lastly, Mr. Mizrachi has a meritorious defense because the tort claims are barred by the statute of limitations, and any tolling agreements do not extend to tort claims allegedly accruing prior to the tolling agreement.

60. Plaintiff's tort claims are time-barred because the tort-based claims accrued no later than October 27, 2021, and any contractual "tolling agreement" in a later-executed employment/arbitration agreement does not extend limitations for extra-contractual torts arising from pre-agreement conduct.

61. The Ohio Supreme Court determined that fraud claims accrue when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the fraud; by contrast, negligent misrepresentation and analogous business torts accrue when the misstatements are made, and the discovery rule does not apply to those claims. *See Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179 (1984) (fraud accrual at actual or constructive discovery); *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176 (1989) (no discovery rule for negligent misrepresentation and similar business torts under R.C. 2305.09, accrual at time of the wrong); *Andrianos v. Community Traction Co.*, 155 Ohio St. 47 (1951) (limitations turn on the claim's substantive nature, not its form).

62. The nature of the claim, not its label, controls the applicable limitations period, and contract-linked tolling provisions do not revive independent tort claims based on pre-agreement conduct.

63. In *Hambleton*, the Ohio Supreme Court held that a fraud claim accrues when the fraud is, or should have been, discovered, i.e., when the plaintiff has facts sufficient to alert a reasonable person to possible wrongdoing. *Hambleton*, 12 Ohio St.3d at 180–82.

64. In *Investors REIT One*, the Ohio Supreme Court made clear that the discovery rule applies to fraud but not to negligent misrepresentation and similar business torts; those claims accrue when the misrepresentation is made and courts will not graft a discovery or "delayed damages" rule onto them. *Investors REIT One*, 46 Ohio St.3d at 181–83.

65. And in *Andrianos*, the Ohio Supreme Court emphasized that the applicable statute of limitations depends on the substantive nature of the claim, not the pleader's characterization, which in turn means contract-based tolling provisions govern contract claims within their scope but do not extend limitations for extra-contractual torts arising from pre-agreement conduct. *Andrianos*, 155 Ohio St. at 51–53.

11

66. Mr. Mizrachi therefore has a meritorious defense to Plaintiff's tort claims against him because the claims arise from alleged misstatements in June and August 2021 and, at the latest, accrued by October 27, 2021, when Plaintiff pleads he became aware of V&B's financial trouble.

67. Under *Hambleton,* any fraud claim began to run no later than October 27, 2021, upon Plaintiff's actual or constructive awareness of potential wrongdoing, and under *Investors REIT One*, any negligent misrepresentation claim accrued when the alleged statements were made in mid-2021.

68. Because Plaintiff did not sue by October 27, 2023, these tort claims are untimely.

69. Mr. Mizrachi therefore has a third meritorious defense, because the fraud and negligent misrepresentation claims accrued by October 27, 2021, expired by October 27, 2023, and the later Employment/Arbitration Agreement's tolling provision does not apply to revive extra-contractual torts based on pre-agreement conduct.

### IV. Conclusion

70. Each of the Rule 55(c) considerations—lack of willfulness, absence of prejudice, and existence of meritorious defenses—supports setting aside the default so this matter may be decided on the merits. Accordingly, Mr. Mizrachi respectfully requests that this Court set aside the default substantially in the form of order accompanying this Motion.

Dated: October 17, 2025  Respectfully submitted,

**PIERSON FERDINAND LLP**

*/s/ Daniel Messeloff*
Daniel Messeloff, Esq. (0078900)
1468 West 9th Street, Suite 100
Cleveland, OH 44101
daniel.messeloff@pierferd.com
*Attorneys for Defendant David Mizrachi*

*Of Counsel:*

        Eric B. Freedman, Esquire (pro hac vice forthcoming)
        1650 Market Street, Suite 3600
        Philadelphia, PA 19103
        215-352-3562
        eric.freedman@pierferd.com

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on October 17, 2025 the foregoing *Motion to Set Aside Default* has been served on all parties and counsel of record via the Court's Electronic Filing System (ECF).

        **PIERSON FERDINAND LLP**

        */s/ Daniel Messeloff*
        Daniel Messeloff, Esq. (0078900)